**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aryn Brumley, et al., | No. CV-18-00662-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Austin Centers for Exceptional Students Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Austin Centers for Exceptional Students Incorporated's ("ACES") motion to dismiss Plaintiffs' first amended complaint as untimely or to compel arbitration.[1] (Doc. 46.) The motion is fully briefed.[2] (Docs. 49, 56.) For the following reasons, ACES' motion is granted in part and denied in part.

**I. Background**

ACES is a state-certified school for special education students. (Doc. 42 ¶ 28.) A.B., who is autistic and has Attention Deficit Hyperactivity Disorder, began attending ACES in 2015. (¶¶ 35, 43.) Plaintiffs allege that, on March 31, 2017, an ACES employee used excessive force to get A.B. onto a school bus, and in doing so broke A.B.'s wrist. (¶¶ 76, 78-102, 127-130.)

---

[1] Plaintiffs are Aryn and Joseph Brumley, who bring this action individually and on behalf of A.B. as next friend and parents. (Doc. 42 at 1.)

[2] The parties requested oral argument, but after reviewing the parties' briefing and the record, the Court finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

As part of A.B.'s enrollment at ACES, A.B. and Aryn signed, among other things, a Behavioral Intervention Policy and a Parent/Guardian Commitment (collectively "Enrollment Paperwork"). (¶¶ 57-68.) The Behavioral Intervention Policy contains an arbitration agreement, which provides:

> All parties agree that any dispute which arises as a result of any behavioral intervention shall be filed within ninety (90) days and shall be decided by binding arbitration only with both parties agreeing to the selection of an arbitrator who is professionally competent in special education administration and behavioral health. Any award shall not exceed the amount of actual expenses and arbitration shall be conducted in accordance with the rules of the American Arbitration Association ["AAA"], a copy of which is available from the principal on any ACES campus.

(Doc. 46-1 at 2.)

Moreover, in signing the Parent/Guardian Commitment, Aryn and A.B. agreed that they "read and understand the information in the Parent/Student Handbook [("Handbook")] and [] agree to follow those guidelines." (*Id.* at 11.) The Handbook, likewise, provides an arbitration agreement, which states:

> As a condition of enrollment [] ACES and any other party responsible for a student agree to submit any and all disputes that might arise regarding a student to binding arbitration and any award shall not exceed the amount of actual expenses. The parties shall mutually agree to the selection of an arbitrator who is professionally competent in special education administration and behavioral health. The arbitration shall be conducted in accordance with the rules of the [AAA] and copies of those rules are available for review from the principal on any ACES campus.

(*Id.* at 6.) According to Plaintiffs, ACES did not explain the arbitration provisions and did not provide a copy of the Handbook. (Doc. 42 ¶¶ 60-63.)

On August 3, 2018, Plaintiffs filed their first amended complaint, alleging violations of the Rehabilitation Act of 1973 and the and Americans with Disabilities Act, and raising state law tort claims. (Doc. 42.) ACES moves to dismiss Plaintiffs' first amended complaint as untimely or, in the alternative, to compel arbitration. (Doc. 46.)

**II. Legal Standard**

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable except upon grounds that exist at common law for the revocation of a contract." 9 U.S.C. § 2; *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) (discussing liberal federal policy favoring valid arbitration agreements). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The court must compel arbitration where: (1) a valid agreement to arbitrate exists, and (2) the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "Where a contract contains an arbitration [agreement], courts apply a presumption of arbitrability as to particular grievances, and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atl.-Pac. Capital, Inc.*, 497 Fed. App'x. 740, 742 (9th Cir. 2012).

### III. Discussion[3]

ACES seeks to compel arbitration pursuant to the arbitration provisions contained in the Enrollment Paperwork. ACES argues that the question of arbitrability has been delegated to the arbitrator and thus the scope of this Court's review is narrow. (Doc. 46 at 6.) Plaintiffs argue that the agreement's delegation provision is unenforceable and that, even if it is enforceable, certain claims are outside the scope of the arbitration provisions. (Doc. 49 at 1-2.)

---

[3] ACES argues that the Court should dismiss Plaintiffs' claims as untimely. (Doc. 46 at 4-5.) The Court will not address this argument because the statute of limitations is part and parcel of the arbitration agreement. *See, e.g.*, *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 345-46 (5th Cir. 2008) (finding a confidentiality provision to be part of an arbitration agreement, in part, because the provision was included under the same heading as the other arbitration terms); *Newton v. Am. Debt Servs., Inc.*, 854 F. Supp. 2d 712, 732 (N.D. Cal. 2012) (considering a statute of limitations to be part of an arbitration agreement). Specifically, the statute of limitations is located in the same sentence as the arbitration agreement in the Behavioral Intervention Policy. Because the Court has determined that the parties agreed to delegate arbitrability to the arbitrator, whether the statute of limitations applies (or is unconscionable) is an issue to be decided by the arbitrator.

## A. Arbitrability

"Although gateway issues of arbitrability presumptively are reserved for the court, the parties may agree to delegate them to the arbitrator." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Clear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . a course of conduct demonstrating assent . . . or . . . and express agreement to do so." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 79-80 (2010). Even if a delegation of arbitrability is clear and unmistakable, it may be found unenforceable if the delegation itself is unconscionable. *Id.* at 71-74.

Here, the Court finds clear and unmistakable evidence that the parties intended to delegate the issue of arbitrability to the arbitrator. The arbitration agreements contained in the Enrollment Paperwork expressly provide that "arbitration shall be conducted in accordance with the rules of the [AAA]." (Doc. 46-1 at 2, 6.) Rule 7(a) of the AAA provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AAA Commercial Arbitration Rule 7(a). "[I]ncorporation of the AAA rules constitutes clear and unmistakable evidence that [the] contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

Plaintiffs contend that *Brennan* is inapplicable where, as here, one party is unsophisticated. (Doc. 49 at 14.) The Court disagrees. *Brennan* expressly dispels this argument:

> Our holding today should not be interpreted to require that the contracting parties be sophisticated or that the contract be "commercial" before a court may conclude that incorporation of the AAA rules constitutes "clear and unmistakable" evidence of the parties' intent. Thus, our holding does not foreclose the possibility that this rule could also apply to unsophisticated parties or to consumer contracts. Indeed, the vast majority of the circuits that hold that incorporation of the

> AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties or to commercial contracts.

*Brennan*, 796 F.3d at 1130-31; *McLellan v. Fitbit, Inc.*, No. 16-CV-36-JD, 2017 WL 4551484, at *2 (N.D. Cal. Oct. 11, 2017) ("The "greater weight of authority has concluded that the holding of Opus Bank applies similarly to non-sophisticated parties.").

## B. Unconscionability

Because the parties clearly and unmistakably delegated the question of arbitrability to the arbitrator, "the only remaining question is whether the particular agreement to *delegate* arbitrability—the Delegation Provision—is itself unconscionable." *Brennan*, 796 F.3d at 1132 (emphasis in original). When assessing whether a delegation provision is unconscionable, a court must sever it from the arbitration agreement in which it is embedded. That is, unless the party opposing arbitration "challenged the delegation provision specifically, [the Court] must treat it as valid . . . , and must enforce it . . . , leaving any challenge to the validity of the [arbitration] [a]greement as a whole for the arbitrator." *Rent-A-Ctr.*, 561 U.S. at 72.

Plaintiffs challenge the arbitration agreements as a whole, but do not challenge the specific delegation provisions. Accordingly, the Court concludes that the unconscionability challenge made by Plaintiffs must be resolved by an arbitrator. *See id.* at 75 (declining to consider respondent's claim that the entire agreement to arbitrate was unconscionable because it was not specific to the delegation provision); *Meadows v. Dickey's Barbecue Restaurants, Inc.*, 144 F. Supp. 3d 1069, 1080 (N.D. Cal. 2015).

## IV. Conclusion

The Enrollment Paperwork contains arbitration clauses. Plaintiffs have raised objections to the validity of those arbitration provisions and have argued that the provisions do not encompass the dispute at issue. But, by agreeing to conduct arbitration according to the AAA rules, the parties clearly and unmistakably delegated such gateway arbitrability questions to the arbitrator. The Court therefore must compel Plaintiffs to submit to arbitration because the parties entered into a valid and enforceable agreement to arbitrate

questions of arbitrability. Stated differently, Plaintiffs are free to argue that the arbitration clauses, generally, are unconscionable, or that their claims fall outside the scope of those provisions. But they must make those arguments to the arbitrator, not to this Court. Accordingly,

**IT IS ORDERED** that ACES' motion (Doc. 46.) is **GRANTED in part** and **DENIED in part** as follows: (1) ACES' motion to dismiss as untimely is **DENIED**; and (2) ACES' motion to compel arbitration is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case, whereupon, by proper motion of the prevailing party at arbitration, it may be reopened or dismissed with prejudice.

Dated this 6th day of March, 2019.

Douglas L. Rayes
United States District Judge